USDC SCAN INDEX SHEET










ANDY  7/9/02  9:40
3:02-CR-01555  USA V. DOMINGO
*11*
*CRMEMSUP.*

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | JAMES W. WESSEL, ESQ.<br>ANBAR, WESSEL & ASSOCIATES<br>505 W. Washington Ave. Suite B<br>Escondido, California 92025<br>Telephone: (760) 745-5320<br>Attorney Bar No: 82905<br>Attorney for Defendant<br>**RIDWAAN DOMINGO** |



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**RIDWAAN DOMINGO,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Crim. Case No.: **02cr1555-W**<br><br>**MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>THE MOTION FOR DISCOVERY**<br><br>Date: 7/22/02<br>Time: 2:00 p.m. |

Defendant, **RIDWAAN DOMINGO**, by and through his attorney of record, respectfully submits the following memorandum of points and authorities in support of his discovery motion:

(1) <u>The Defendant's Statements</u> Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant (see United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u> The defendant also specifically requests that all arrest reports, investigation reports, rough notes, drafts, notes and dispatch or any other tapes that relate

*11*

to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975), cert. denied, 424 U.S. 920 (1976); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 867 (1968). Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i);

(3) Reports of Scientific Tests or Examinations Pursuant to Fed. R. Crim. P. 16(D), Mr. Domingo requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to the scientific chemical testing and any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial;

(4) Brady Material The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976);

(5) Any Information that May Result in a Lower Sentence under the United States Sentencing Guidelines (U.S.S.G.) As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the U.S.S.G. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the U.S.S.G.;

(6) The Defendant's Prior Record Evidence of prior record is available under Fed. R. Crim. P.

16(a)(1)(B);

(7) <u>Any Proposed 404(b) Evidence</u> Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

(8) <u>Evidence Seized</u> Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C);

(9) <u>Request for Preservation of Evidence</u> The defendant specifically requests that all dispatch tapes, audio tapes, video tapes, drawings, diagrams, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, any samples used to run any scientific tests, any narcotics, and any evidence seized from any third party. It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence;

(10) <u>Tangible Objects</u> The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including weapons, photographs, books, papers, documents, photographs, of building or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant;

(11) <u>Evidence of Bias or Motive to Lie</u> The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988), <u>cert. denied</u>, 489 U.S. 1032 (1989);

(12) <u>Impeachment Evidence</u> The defendant requests any evidence that any prospective government

witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(13) Evidence of Criminal Investigation of Any Government Witness The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985);

(14) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(15) Witness Addresses  The defendant requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses), cert. denied, 444 U.S. 1034 (1980). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984);

(16) Name of Witnesses Favorable to the Defendant  The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785

(5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

(17) <u>Statements Relevant to the Defense</u> The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982);

(18) <u>Jencks Act Material</u> The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963). In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of <u>Jencks</u> material to expedite cross-examination and to avoid lengthy recesses during trial;

(19) <u>Giglio Information</u> Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses;

(20) <u>Personnel Records of Government Officers Involved in the Arrest</u> The defendant requests all citizen complaints and other related internal affairs documents involving any of the law enforcement officers who were involved in the investigation, arrest and/or interrogation of him, pursuant to <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source;

(21) <u>Government Examination of Law Enforcement Personnel Files</u> Mr. Domingo requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. Domingo requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). The

obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in <u>Henthorn</u> remanded for <u>in camera</u> review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Domingo prior to trial. Mr. Domingo specifically requests that the prosecutor, not the law enforcement officers, review the files in this case.

## REQUEST FOR LEAVE TO FILE ADDITIONAL MOTIONS

Counsel for Defendant respectfully requests this court grant Defendant leave to file additional motions at a future date. Counsel and defendant have not had an adequate time to determine what motions, other than those presented herein, if any, would be necessary to file in order to protect **Mr. Domingo's** constitutional rights.

The release of all discovery material, along with information provided as a result of the other Motions filed by Defendant, is likely to result in further motions that will be necessary once this information is received and reviewed by counsel and **Mr. Domingo**.

Dated: 7/5/02

JAMES W. WESSEL
Attorney for Defendant
RIDWAAN DOMINGO